Justice MORGAN dissenting.
While I agree with my learned colleagues in the majority that the Court of Appeals correctly determined that the trial court erred by allowing the jury to potentially convict defendant of the offense of possession of a firearm by a felon on the basis of a constructive possession theory, I nonetheless disagree with their conclusion that the lower appellate court erred in its determination that there was a reasonable possibility that the outcome of defendant's trial would have been different if the trial court had refrained from allowing the jury to potentially convict defendant on the basis of a theory of constructive possession. Based on my position, I am inclined to affirm the Court of Appeals' decision to vacate the trial court's judgment and grant defendant a new trial.
My departure from the majority in this case stems from the liberties that I believe the majority improperly takes to discount the reasonable possibility that, had the error of the submission of the constructive possession of firearm by defendant not been submitted to the jury as a theory for his guilt, a different result would have been reached at the trial **741 out of which this appeal arises. The majority expressly utilizes "close scrutiny to ensure that there is no 'reasonable possibility' that the jury convicted the defendant on the basis of such an unsupported legal theory"-namely, *423 constructive possession-while introducing a new evaluative standard that "in the event that the State presents exceedingly strong evidence of defendant's guilt on the basis of a theory that has sufficient support and the State's evidence is neither in dispute nor subject to serious credibility-related questions"-here, actual possession-"it is unlikely that a reasonable jury would elect to convict the defendant on the basis of an unsupported legal theory." (Emphasis added.) As I assess this newly minted doctrine by the majority cobbled together from selected principles enunciated in our decisions of Bradshaw , Jones , Ligon , Loren , Alston , and Galloway , coupled with the majority's willingness to couch the trial jury's ability to "potentially convict defendant of the offense of possession of a firearm by a felon on the basis of a constructive possession theory" as insufficient wrongful exposure to warrant a new trial for defendant, my recognition of the fundamental concepts of trial evidence, the application of the appropriate law to the evidence, and the respective roles of the judicial forum and the jury leads me in a different direction from my fellow jurists in this case.
"Every criminal conviction involves facts (i.e., what actually occurred) and the application of the law to the facts.... In a jury trial the judge instructs jurors on the law, and the jury finds the facts and applies the law." State v. Arrington , --- N.C. ----, ----, 819 S.E.2d 329, 331 (2018). Courts must not "invade the province of the jury, which is to assess the credibility of the witnesses and determine the facts from the evidence adduced." State v. Rhodes , 290 N.C. 16, 24, 224 S.E.2d 631, 636 (1976) (first citing State v. Canipe , 240 N.C. 60, 81 S.E.2d 173 (1954) ; and then citing 7 Strong's North Carolina Index 2d Trial § 18 (1968) ); see also State v. Ward , 364 N.C. 133, 153, 694 S.E.2d 738, 750 (2010) (Newby, J., dissenting) (observing that "it is the role of the jury to make any final determination regarding the weight to be afforded to the evidence" (quoting Crocker v. Roethling , 363 N.C. 140, 150, 675 S.E.2d 625, 632 (2009) (Martin, J., concurring) ) ). By opining upon the reasonableness of the jury's two potential theories underlying a verdict of guilty, when there is no evidence to support one theory and sufficient evidence to support the other theory, the majority is engaging in an exercise that invades the established province of the jury. I do not consider it to be within a judicial forum's proper purview to sift through the evidence and to speculate as to which theory, between or among multiple ones, a jury considered to be persuasive to reach its verdict, yet the majority has effectively done so here.
**742 In a similar vein, the majority states that "the ultimate issue before this Court is whether there is a reasonable possibility that the jury would have sufficiently questioned the credibility of the investigating officers' testimony to return a verdict of acquittal." "[A]ssess[ing] the credibility of the witnesses" is a matter for the jury. Rhodes , 290 N.C. at 24, 224 S.E.2d at 636. While the majority acknowledges that "defendant suggests that the jury could have had doubts about the credibility of the State's evidence" regarding the investigating law enforcement officers, nonetheless, the members of the majority assess the manner in which the trial jury could have determined issues of credibility with respect to the submitted theories of defendant's culpability and conclude that it "seems to us to rest upon a logical inconsistency." Just as this Court in the case at bar should refrain from conducting a review of the potential effect of erroneous jury instructions upon a jury's verdict of guilty by invading the province of the jury as to which submitted legal theory may have prompted its finding of guilty, this Court should also take care to refrain from conducting such a review by invading the province of the jury by conducting its own examination of witness credibility issues.
For the reasons stated, I would affirm the decision of the Court of Appeals in this case.